UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNNY WAYNE PRICE,               )
                                  )
        Movant,                   )
                                  )
                                  )        No. 15-1265-JDT-jay
VS.                               )        Crim. No. 06-10015-JDT
                                  )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Johnny Wayne Price. For the reason stated below, the Court DENIES the § 2255 motion.

On September 11, 2006, Price entered a guilty plea to the charge of possessing ammunition after conviction of a felony, in violation of 18 U.S.C. § 922(g). (No. 06-10015, Crim. ECF Nos. 32 & 33.) At the sentencing hearing on April 2, 2007, the Court determined that Price qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. Consequently, he was sentenced to a 180-month term of imprisonment and a three-year term of supervised release. Price's direct appeal was dismissed. *United States v. Price*, No. 07-5438 (6th Cir. May 15, 2008).

Price filed the present motion pursuant to 28 U.S.C. § 2255, contending that his sentence is invalid under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.)

The Bureau of Prisons Inmate Locator[1] shows that Price was released from prison on January 3, 2020; therefore, he currently is serving his supervised release.  Price has not provided the Court with a current address.[2]

A § 2255 movant who is serving a term of supervised release still satisfies the statute's "in custody" requirement.  *See United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th Cir. 2016); *see also Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999) (§ 2255 motion filed while the movant was in custody does not necessarily become moot if the sentence fully expires while the § 2255 proceeding is pending).  However, Price challenges only his ACCA-enhanced term of imprisonment and not his conviction itself.  Therefore, unless he can show some continuing adverse consequence from the completed custodial sentence, no meaningful relief can be granted to him and there is no live case or controversy under Article III to be adjudicated.  *See United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017) (released movant who challenged only the length of his custodial sentence appealed ruling on § 2255 motion; Court of Appeals held the appeal of the § 2255 motion was moot because movant could point to no continuing adverse consequences from the completed part of his sentence); *see also Lane v. Williams*, 455 U.S. 624, 630-31 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").  Here, Price appears to have abandoned this matter and has not attempted to show that there are any continuing adverse consequences from his completed sentence.

---

[1] *See* https://bop.gov/inmateloc/.

[2] Even before the date of his release, the last two documents the Court mailed to Price's address of record at the Millington Federal Prison Camp were returned undeliverable marked "RTS not here."  (ECF Nos. 7 & 10.)

For this reason, the Court concludes that Price is not entitled to relief in this § 2255 proceeding.  The § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. §§ 2253(c)(2)-(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issue raised in this § 2255 motion is not debatable for the reason stated; the Court therefore DENIES a certificate of appealability.  It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Price would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE